UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHERMAN COMBS,                       )
                                     )
         Petitioner,                 )
                                     )
    v.                               )      No. 4:13CV2582 CEJ
                                     )
KENNETH W. PRATTE, et al.,           )
                                     )
         Respondents.                )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of petitioner, Sherman Combs, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedural 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B) because this Court lacks jurisdiction over this matter and because it is legally frivolous.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

(1992).  An action is malicious if it is undertaken for the purpose of harassing the named respondents and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Petitioner brings this action seeking a writ of mandamus, pursuant to 28 U.S.C. § 1651, alleging violations of his civil rights. He seeks a writ of mandamus against Judge Kenneth W. Pratte, Presiding Circuit Court Judge in Farmington, Missouri.  nI addition, petitioner also seeks a writ of mandamus against Assistant Prosecuting Attorney Patrick King, Public Defender Dane Roper and the State of Missouri.

Specifically, petitioner claims that his due process rights, his right to effective assistance of counsel and his right to equal protection under the laws of the United States have been violated during his ongoing state criminal action in front of Judge Kenneth Pratte.  He asserts that he has been unhappy with several rulings in his criminal action by Judge Pratte, he feels like his rights have been violated by Asst. Prosecuting Attorney King relating to evidence and witnesses that he is purportedly withholding from petitioner, and he believes that his trial counsel has been ineffective

in advocating on his behalf. Further, petitioner alleges that because the State waited so long to arrest him for the alleged sale of a controlled substance, his right to have a witness testify on his behalf was violated when the only alleged witness to the "sale" died. Last, plaintiff asserts that Judge Pratte has violated his rights when he refused to "entertain and timely dispose" of petitioner's pro se filings. See State v. Combs. , Case No. 13SF-CR0443.[1]

Petitioner seeks an order from this Court compelling respondents to dismiss and expunge the criminal case against him.

**Discussion**

A federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. See 28 U.S.C.A. § 1651(a); Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County, 323 F.2d 485, 486 (8th Cir.1963). The actions of the named respondent in the instant case are not within the jurisdiction of this Court. See Middlebrooks, 323 F.2d at 486; Veneri v. Circuit Court of Gasconade Co., 528 F.Supp. 496, 498 (E.D.Mo.1981)(federal courts have no superintending control over, and are without authority to issue writ of mandamus to direct, state court or its judicial officers in

---

[1] According to Missouri Case.net, petitioner has been charged with five counts of distributing/developing/manufacturing/producing or attempting to or possession with intent to distribute/deliver/manufacture/produce a controlled substance.

performing duties). Petitioner's application for a writ of mandamus is legally frivolous and, as a consequence, this action will be dismissed pursuant to Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Court finds that an appeal of the dismissal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over this matter and the complaint is legally frivolous.

An order of dismissal will be filed separately.

Dated this 10th day of January, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE